Dear Mr. Carson:
This office is in receipt of your request for an opinion of the Attorney General on behalf of Mayor Bryan Gowland of Abita Springs in regard to a felon holding public office. You ask if a convicted felon can hold public office, and if so, under what circumstances he can do so.
This office has concluded a convicted felon is allowed to seek election for public office if he is not under an order of imprisonment and if he meets all qualifications for that office at the time he qualifies. Atty. Gen. Op. No. 93-278. It has also been concluded that this also applies to appointment to public office if he is otherwise qualified. However, as noted in Atty. Gen. Op. No. 94-221 for those appointments in which a qualification is that the individual be of good moral character, the prior conviction presents a question of fact if the conviction would be such that it would reflect on the moral character so as to disqualify the individual. It was felt an earlier conviction would not automatically establish a lack of good moral character at a later date.
Moreover, attention should be given to Art. 4, Section 5 of the Constitution and R.S. 15:572 which provide a first offender never previously convicted of a felony shall be automatically pardoned upon completion of his sentence without a recommendation of the Board of Pardons and without action by the governor. He shall be restored to all rights of citizenship such as the right to vote, work or hold public office. State v. Adams, 355 So.2d 917 (La. 1978).
Insofar as a felony conviction while in office, R.S. 42:1411
provides as follows:
 A. A public officer shall be removed from office for conviction, during his term of office, of a felony.
 B. The conviction for a felony of a public officer shall automatically suspend that individual from his public office without compensation. The suspension from public office shall continue until the conviction is final and all appellate review of the original court proceedings is exhausted. During the period of suspension, the public official shall not perform any official act, duty, or function nor shall he receive any compensation, pay allowance, emolument, or privilege of his office. If the conviction is reversed on appeal, the public official shall be entitled to and shall receive full back pay with legal interest thereon from the date of suspension, compensation, and all rights, duties, powers, allowances, emoluments, and privileges of office to which he would have been entitled had he not been suspended.
 C. During this period of suspension, another person shall be appointed to perform the official acts, duties, and function of that office during the period of suspension.
 D. No person appointed under the provisions of this Section, shall be eligible in the next elections as a candidate for the office to which he is appointed. * * *
 E. If any public official is suspended under the provisions of this section, the governor shall appoint another to perform the official acts, duties, and functions of that office during the period of suspension. If the public official is a member of a parish or municipal governing authority or combination thereof or a mayor or any other local or municipal office, * * * the governing authority of the local governmental subdivision where the vacancy occurs shall appoint a person to perform the official acts, duties, and functions of the person suspended.
* * * * * * * * * * * * * * * * * * * * * * *
Therefore, we would conclude a convicted felon may hold public office whether by seeking election or appointment if otherwise qualified. However, if the conviction takes place while in office the individual shall be removed.
We hope this sufficiently answers your question in regard to a convicted felon holding public office.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
BY: BARBARA B. RUTLEDGE Assistant Attorney General BBR